**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**CITY OF KENNER, LOUISIANA**                                    **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 2:08cv189-KS-MTP**

**DURHAM AUCTIONS, INC.,**                                    **DEFENDANTS**
**DURHAM AUCTIONS REAL**
**ESTATE, LLC, DONALD H.**
**DURHAM AND JAMES D. DURHAM,**
**AND JOHN DOES 1-15**

## PRELIMINARY INJUNCTION

The matter came before the Court on the verified Petition for Preliminary Injunction of the City of Kenner, Louisiana [Docket No. 1] seeking to enjoin Durham Auctions, Inc., Durham Auctions Real Estate, LLC, Donald H. Durham, James D. Durham and John Doe Banking or Financial Institutions 1-15, from withdrawing, transferring or removing any funds or assets held in banks or financial institutions, or allowing any such assets to be withdrawn, transferred or removed. On September 3, 2008, The Court entered a Temporary Restraining Order [Docket No. 7]. On September 12, 2008, in lieu of a formal hearing before the Court regarding whether a preliminary injunction should be granted, defendants consented to entry of a preliminary injunction in like form and substance as that comprising the Court's Temporary Restraining Order. Accordingly, the parties filed a Joint Motion for Entry of Preliminary Injunction, consenting to entry of the same. [Docket No. 15]. The Court finds that the joint motion is well-taken and that considering the Verified Complaint, exhibits and record in this matter, good cause exists for entry of the Preliminary Injunction. The Preliminary Injunction will maintain in full force and effect with any violation thereof punishable by contempt until such time as the same is modified by the Court for cause or is superseded by a permanent injunction after trial on the merits.

Accordingly, the Court makes the following preliminary findings.

1.      Plaintiff, City of Kenner, is a Louisiana municipality within the geographical bounds of the Parish of Jefferson, State of Louisiana, operating under the provisions of a Home Rule Charter.

2.      Defendant, Durham Auctions, Inc., is a Mississippi business corporation with a domicile address and principal office address at 2236 U. S. Hwy. 49, Brooklyn, MS  39425. Its registered agent is Donald Durham.

3.      Defendant, Durham Auctions Real Estate, LLC, is a Mississippi limited liability company with a domicile address and principal office address at 2236 U. S. Hwy. 49, Brooklyn, MS. 39425.   The limited liability company does not have a registered agent on file with the Mississippi Secretary of State, but can be served through its principals, Donald Durham or James D. Durham.

4.      Defendant, Donald H. Durham, is a person of the age of majority and president of Durham Auctions, Inc.   It is believed that Donald H. Durham resides in the State of Mississippi at 138 Hinton Loop, Petal, MS 39465.

5.      Defendant, James D. Durham, is a person of the age of majority and vice president of Durham Auctions, Inc.  It is believed that James D. Durham resides in the State of Mississippi at 137 W. 9th Avenue, Petal, MS 39465.

6.      The identities of Joe Doe Defendants Banking or Financial Institutions 1 through 15 are unknown by Kenner at the time of this hearing, but they are believed to be the institutions in which the Durhams, Durham Auction, and/or Durham Auctions Real Estate deposited the moneys owed to Kenner.  To date, Kenner has served subpoenas duces tecum on the following institutions:  Hancock Bank, Citizens National Bank, Citizens Bank, Regions Bank and Community Bank.

7.     This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because it is a civil action between citizens of different states in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.  Venue is proper in this judicial district because the Defendants transact business in this district, and may be found in this district.

8.     In May, 2008, City of Kenner, acting through its duly elected Mayor, Edmond J. Muniz, and Durham Auctions, Inc., acting through defendant Donald H. Durham, entered into a Professional Service Contract wherein Durham Auctions agreed to manage and conduct a public auction of certain surplus public property owned by the City of Kenner and the Kenner Police Department.

9.     The contract between Kenner and Durham is attached as Exhibit "A" to the Complaint for Temporary Restraining Order, Injunctive Relief, Damages and Other Relief. [Docket No. 1].

10.     In the contract and dealings between the parties, Donald H. Durham represented that Durham Auctions was authorized to do and doing business in the State of Louisiana as a licensed auction company.  This representation was apparently false. Although Don Durham, James Durham and Durham Auctions had been doing business in Louisiana, the last report filed by Durham Auctions with the Secretary of State was filed on February 26, 2001, and  the Louisiana Secretary of State considered Durham Auctions a "Not Active" corporation.

11.     Pursuant to the contract between the parties, Durham Auctions and its principals were to conduct the auction and perform all necessary related services for a commission of 9.89% of the gross sales received on auction day plus the flat fee of $1,500 for live feed and on-line bidding service.  Durham was to collect all proceeds from the auction sale, hold them in

trust, deduct its fee and then turn over to Kenner all of Kenner's proceeds, together with an itemized invoice and accounting at the conclusion of the auction, but in no event later than July 31, 2008.

12.     The auction was advertised and scheduled to take place on June 28, 2008; however, the auction date became jeopardized when Leigh Roussel of the Kenner City Attorney's Office learned from the State of Louisiana Auctioneers Licensing Board that Durham Auctions, Inc., Donald Durham and James Durham were not licensed to conduct auctions in Louisiana.  In order for the auction to go forward, the Louisiana Auctioneers Licensing Board advised that Durham could simply assign its contract to an auctioneer who was licensed in Louisiana.

13.     City of Kenner discussed this issue with Durham who stated that he could recommend an auctioneer licensed in Louisiana by the name of William S. Jones, d/b/a Sunbelt Auctions, and that Durham was willing to assign the auction contract to Jones.  Kenner agreed, and the contract was assigned.  [*See* Docket No. 1, Exhibit B to Complaint, Assignment of Contract by and between City of Kenner and Durham Auctions, Inc. to William S. Jones] Unbeknownst to Kenner, William S. Jones was Durham Auctions, Inc.'s registered agent for service of process in Louisiana.

14.     (a) Jones conducted the auction on June 28, 2008 using Durham employees and support, and the City's surplus property was auctioned for the sum of $591,109.00.

        (b) At all relevant times, Jones was acting as the agent of Durham Auctions.

        (c)  Kenner delivered the property to the successful bidders. Jones and/or Durham collected the sums paid by the bidders.

GO:83002.2
GO.83002.2

15.     Both pursuant to the contract and to Louisiana law, Jones was obligated to tender the funds as described in paragraph 11, supra, along with a full accounting at the close of the auction, on June 28, 2008 or by July 31, 2008 at the latest.  Jones failed to do so.

16.     (a) At the conclusion of the auction, Mr. Jones was required by La. R. S. 37:3125 to deposit all funds derived from the auction sale "*... in one or more identifiable bank accounts maintained in the state in which the auctioneer is situated....,*" which, in this instance, was the State of Louisiana.  Jones failed to do so.

(b) Out of the sums derived from the auction and placed on deposit in a Louisiana bank, Jones was entitled to withdraw the commission and any sums due for auction services under the auction contract, but he was not entitled to withdraw any of the funds belonging to the City of Kenner except in order to tender those funds to Kenner.

(c) Had Jones observed this legal obligation, the sum of  $531,147.98 would have been secured and protected for Kenner in a Louisiana bank.

17.     La. R. S. 37:3125 mandated Jones to pay the City of Kenner within 30 days of his receipt of the sale proceeds. The contract between the City and Durham, which had been assigned to Mr. Jones, also obligated him to provide the City with a complete accounting and tender to the City the funds belonging to the City at the conclusion of the auction, but in no event after July 31, 2008. Jones failed to do so.

18.     (a) Instead of obeying Louisiana law, Jones handed over the City's funds to Don Durham and/or James Durham, all in flagrant violation of his trust, the contracts at issue and Louisiana Auction laws.

(b) Under the rules of agency and *respondeat superior*, the Durhams and Durham Auctions are responsible for the actions of their agent, Jones.

19.     (a) Despite Kenner's repeated demands to Jones and the Durhams, Jones and the Durhams have continued to exercise dominion over and withhold Kenner's funds. They have committed the tort of conversion by taking and holding tangible property which does not belong to them.

(b) Under the rules of agency and *respondeat superior*, the Durhams and Durham Auctions, Durham Auctions Real Estate are responsible for the actions of their agent, Jones.

20.     Because of the actions and conspiratorial conduct of Jones and the Durhams, they may be subject to criminal prosecution under La. R. S. 37:3123 which provides for a fine not to exceed $500 or imprisonment not to exceed 6 months, or both, for each individual sale of City property.

21.     (a) The actions and conspiratorial conduct of Jones and the Durhams may constitute felony theft under Louisiana and Mississippi law.

(b) The actions of the Durhams may constitute violation of federal criminal laws in that they have taken money which does not belong to them across state lines, have refused to return the money, and have used federally regulated and insured banks or financial institutions to transfer, commingle or conceal the money.

22.     Kenner is entitled to an immediate full and complete accounting of the $531,147.98 duly owed to it, including but not limited to an identification of all bank accounts, brokerage accounts or other financial accounts and assets acquired by the Durhams and/or Durham Auctions prior to and since the date of the auction at issue.

23.     By acting in contravention of law, the Durhams and Durham Auctions' acts and/or omissions may constitute fraud, intentional misrepresentation, negligent misrepresentation

and/or other acts of negligence in violation of  Louisiana and Mississippi law. They represented themselves as licensed, legitimate auctioneers, when in truth, they were not licensed.

24.     For the reasons stated, Kenner sought  a  Temporary Restraining Order and, in due course, Preliminary and Permanent Injunctions,  ordering and commanding Donald H. Durham, James Durham, Durham Actions and all acting in concert with them, to immediately deposit in the registry of the Court the full sum of $531,147.98, which said sum represents City of Kenner's funds from the auction sale sans the remuneration due William S. Jones under the contract for conducting the auction.

25.     In support of its request for injunctive relief, City of Kenner has shown:

(a)  that Donald H. Durham, James D. Durham and William S. Jones, acting in concert, may have violated Louisiana law, specifically violated  La. R. S. 37:3125, by taking from William S. Jones the sum of $531,147.98 in checks and/or cash or other remuneration belonging to the City and by exercising dominion over the $531,147.98, and treating it as their own money.

(b) that under Louisiana law, specifically under La. R. S. 37:3123, the actions of Donald H. Durham, James D. Durham and William S. Jones may be and continue to be criminal in that they have refused to relinquish the funds which belong to the City and do not belong to them;

(c) that James D. Durham has admitted and acknowledged that the funds at issue belong to the City of Kenner, has promised their return but has failed repeatedly to keep these promises;

(d) that James D. Durham has informed counsel for the City that the funds were deposited with Citizens National Bank or Citizens Bank in Mississippi and that his bank officer, Eric Crawford, was assisting in an effort to wire the funds to Kenner.

(e) that  on Monday, August 25, 2008, counsel for the City telephoned Eric Crawford at 662-327-5893 to discuss wire arrangements, but received voice mail and left a message. Mr. Crawford did not return the call.

(f) that the City has been informed by William H. Jones, counsel for Donald H. Durham, that Donald H. Durham is in the process of selling Durham Auctions and that Donald H. Durham has access to a private plane.

(g) that the City fears Donald H. Durham and/or James D. Durham will abscond with their property and that it will never be recovered.

(h) that Donald H. Durham was arrested by the Sheriff of Forrest County on Friday, August 22, 2008, on charges of embezzlement or writing bad checks, and posted $25,000 in cash in order to secure his release from jail;

(i) that it is believed that one or more banks in Mississippi, notably Citizens Bank, Citizens National Bank, Regions Bank, Hancock Bank and/or Community Bank of Mississippi, and others possibly inter-alia, may have funds on deposit in accounts under the names of James D. Durham, Donald H. Durham,  Durham Auctions, Inc., Durham Auctions Real Estate, LLC and or under the names of the spouses of Donald H. Durham and James D. Durham;

(j) that unless the Court continues to act to secure said accounts and other property as may be owned by defendants, the Durhams may never return to the City property they took from the City and have failed to return.

(k) that all statutory predicates for injunctive relief have been met, namely: (i) there is no question that Kenner will prevail on the merits, (ii) Kenner stands to suffer irreparable harm if Durham Auctions, Donald Durham, James Durham, and any and all acting in concert with them are not mandatorily enjoined and ordered to immediately deposit in this Court's registry all funds derived from the aforesaid auction which belong to Kenner;  (iii) under Louisiana law, the State in which the Durhams and Durham Actions contracted their auction services and the state in which the auction was conducted, Kenner need not prove irreparable harm as a predicate for injunction, because irreparable harm is presumed as a matter of law when the conduct Kenner seeks to enjoin is conduct reprobated by law; (iv) the immediate and future harm to Kenner far outweighs any conceivable harm to Durham Auctions, Donald Durham, or James Durham; because unless enjoined, Durham Auctions and the Durhams have the power to waste, squander and spend money which does not belong to them and which Kenner may never recover if it is wasted, squandered or spent; (v) the injunction will not disserve the public interest, but indeed, will serve the public interest in preventing similar offenses to others.

26.     The Durhams are flight risks, and the airplane should remain "grounded" as additional security.

27.     Although irreparable harm clearly exists in this case, Louisiana law (the state in which the auction occurred , the contract was consummated and the auction proceeds were to have been paid) provides that a petitioner need not show irreparable harm as a prerequisite to injunctive relief where the conduct sought to be enjoined is reprobated by law. *Ouachita Parish Police Jury v. American Waste & Pollution Control, 606 So.2d 1341 (La. App. 2 Cir.), writ denied, 609 So.2d 234 (La. 1992), cert. denied, 508 U.S. 909, 113 S. Ct. 2339, 124 L. Ed.2d 249 (1993); Miller v. Knorr, supra; Hays v. City of Baton Rouge, 421 So.2d 347 (La. App. 1st Cir.),*

*writ denied 423 So.2d 1166 (1982); Smith v. West Virginia Oil & Gas Co., 365 So.2d 269 (La. App. 2d Cir. 1978), rev'd on other grounds 373 So.2d 488 (1979); McElveen v. Calcasieu Parish Police Jury, 443 So.2d 666 (La. App. 3d Cir. 1983), writ denied 444 So.2d 1222 (1984); Louisiana Associated Gen'l Contractors v. Calcasieu Parish Police Jury, 572 So.2d 623 (La. App. 3d Cir. 1990), aff'd 586 So.2d 1354 (1991).*

28.     As shown by the email correspondence between Kenner and Durham [Docket No. 1, Exhibit C, to the Complaint], Kenner has exhausted all possible avenues of amicable resolution without avail.

CONSIDERING THE FOREGOING, it is the finding of this Court that:

1.     There is a substantial likelihood of Kenner prevailing in this action;

2.     There is a substantial threat and danger of irreparable harm to Kenner if Durham Auctions, Inc., Durham Auctions Real Estate, LLC, Donald Durham, James Durham, and those acting in concert with them are not immediately enjoined from wasting, spending, squandering assets and/or continuing to exercise dominion and control over property belonging to the City of Kenner;

3.     There appears from the record that Donald H. Durham, James D. Durham and/or Durham Auctions have and are engaging in conduct reprobated by law.

ACCORDINGLY, IT IS THE RULING AND JUDGMENT OF THIS COURT THAT

(A)     defendants, and any and all acting in concert with them, are hereby ordered, commanded and enjoined under penalty of contempt of Court, from in any manner whatsoever spending, using, transferring, assigning or delivering any of the proceeds from the auction conducted on June 28, 2008, which belong to City of Kenner;

(B)      that defendants and anyone acting in concert with them, are hereby ordered,
commanded and enjoined under penalty of contempt of Court, to immediately
disclose to Plaintiffs and to this Court the location, and custodian of any and all
funds belonging to Kenner, including the names of banks and bank account
numbers where such funds may have been deposited and to timely supplement
these disclosures while the injunction is effective;

(C)      that any bank and/or financial institution which receives notice of this Order and
which holds accounts, deposit boxes, assets or funds in the names of  or for the
benefit of Donald H. Durham, James D. Durham, Durham Auctions, and/or
Durham Auctions Real Estate Inc. is hereby commanded, ordered and
mandatorily enjoined to immediately freeze any and all such accounts, deposit
boxes or other assets and to disclose to Plaintiff and the Court the location,
account numbers and other identifying information for such assets, all pending
further orders of this Court;

(D)      that Defendants and anyone acting in concert with them are hereby ordered,
commanded and mandatorily enjoined under penalty of contempt of Court, to
immediately deposit in the registry of this Court the sum of $531, 147.98
representing the funds belonging to Kenner;

(E)      that Defendants and anyone acting in concert with them are hereby ordered,
commanded and enjoined under penalty of contempt of Court, to immediately
provide Plaintiff and this Court with a complete and itemized invoice and
accounting of all auction proceeds derived from the June 28, 2008 auction, which
said accounting shall include the names, addresses and other identifying

information of all persons, firms, companies, businesses to whom Defendants transferred, paid or gave any or all of the funds derived from the auction sale of Kenner surplus property, and which shall include the names and account numbers of any and all banks or financial institutions into which said funds were deposited.

(F)     that Defendants' airplane and anyone with custody of or control over the same take all prudent step to secure, ground and prohibit any movement of the same until further notice or orders of this Court.

(G)     that considering the premises, no security shall be required from City of Kenner as a predicate for this injunction.

(H)     that the production of any documents consistent with this injunction or subsequent subpoena duces tecum shall not violate the Gramm-Leach-Bliley Act ("GLBA"), 15 U.S.C.A. § 6801 et seq.

SO **ORDERED** AND **ADJUDGED** this the 12th day of September, 2008 at 2:40 P.M.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

GO:83002.2
GO.83002.2