IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**CITY OF KENNER, LOUISIANA**                                                                                       **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO. 2:08cv189KS-MTP**

**DURHAM AUCTIONS, INC.; DURHAM AUCTIONS
REAL ESTATE, LLC; DONALD H. DURHAM;
JAMES D. DURHAM; JIMMIE DALE ODOM;
COMMUNITY BANK OF ELLISVILLE, MS;
AND JOHN DOES 1-15**                                                                                        **DEFENDANTS**

## ORDER

This matter is before the court on a Motion to Withdraw Reference to Bankruptcy **[#47]** filed on behalf of co-defendant Community Bank of Ellisville. The court, having reviewed the motion and the applicable law finds that the motion is not well taken and should be denied. The court specifically finds as follows:

The plaintiff, City of Kenner, is a Louisiana municipality within the geographical bounds of Jefferson Parish, Louisiana, operating under the provisions of a Home Rule Charter. The defendant, Durham Auctions, Inc., is a Mississippi business corporation with a domicile address and principal office address at 2236 U. S. Hwy. 49, Brooklyn, MS 39425. Its registered agent is Donald Durham. The defendant, Durham Auctions Real Estate, LLC, is a Mississippi limited liability company with a domicile address and principal office address at 2236 U. S. Hwy. 49, Brooklyn, MS. 39425. The defendant Donald H. Durham is president of Durham Auctions, Inc., and resides in the State of Mississippi. The defendant James D. Durham is vice president of Durham Auctions, Inc., and also resides in the State of Mississippi.

In May, 2008, the City of Kenner, acting through its duly elected Mayor, Edmond J. Muniz, and Durham Auctions, Inc., acting through defendant Donald H. Durham, entered into a Professional Service Contract wherein Durham Auctions agreed to manage and conduct a public auction of certain surplus public property owned by the City of Kenner and the Kenner Police Department.

In the contract and dealings between the parties, Donald H. Durham represented that Durham Auctions was authorized to do and doing business in the State of Louisiana as a licensed auction company. This representation was apparently false. Although Don Durham, James Durham and Durham Auctions had been doing business in Louisiana, the last report filed by Durham Auctions with the Secretary of State was filed on February 26, 2001, and the Louisiana Secretary of State considered Durham Auctions a "Not Active" corporation.

Pursuant to the contract between the parties, Durham Auctions and its principals were to conduct the auction and perform all necessary related services for a commission of 9.89% of the gross sales received on auction day plus the flat fee of $1,500 for live feed and online bidding service.  Durham was to collect all proceeds from the auction sale, hold them in trust, deduct its fee and then turn over to Kenner all of Kenner's proceeds, together with an itemized invoice and accounting at the conclusion of the auction, but in no event later than July 31, 2008.

Because Durham was not licensed in Louisiana, the auction was conducted on June 28, 2008, by Bill Jones, a Louisiana licensed auctioneer, using Durham employees and support.  The City's surplus property was auctioned for the sum of $591,109.00. Kenner delivered the property to the successful bidders and Jones and/or Durham

collected the sums paid by the bidders.

Pursuant to the contract and to Louisiana law, Jones/Durham were obligated to tender the net auction proceeds along with a full accounting at the close of the auction, on June 28, 2008, or by July 31, 2008, at the latest.  This did not occur.   Instead of tendering the funds as required, all funds were delivered to Don Durham and/or James Durham.  Despite repeated demands for payment of the auction proceeds, Durham refused to deliver them ultimately resulting in this litigation being filed on August 28, 2008.  The court entered a Preliminary Injunction in this matter on September 12, 2008, in an attempt to preserve property and prevent the interstate flight of the Durhams.

On September 25, 2008, defendant Community Bank filed a Motion to Intervene to modify the Preliminary Injunction to exercise its repossession rights to certain collateral owned by the Durhams and pledged as security to Community for outstanding loans.  On October 9, 2008, the plaintiff filed an Amended Complaint adding Community Bank as a defendant since the Durhams deposited a substantial amount of money in that bank on June 30, 2008, two days after the auction.

On November 10, 2008, defendant Durham Auctions, Inc. instituted a bankruptcy proceeding under Chapter 7 of Title 11 of the United States Code.  An automatic stay was issued.  On December 10, 2008, Magistrate Judge Parker conducted a Case Management Conference wherein he directed the parties to decide whether to stay the case, refer the entire case to bankruptcy or to otherwise challenge the jurisdiction of the court by January 9, 2009.  On December 19, 2008, defendant James D. Durham also instituted a bankruptcy proceeding under Chapter 7 of Title 11 of the United States Code and an automatic stay was issued.  On December 31, Community Bank filed a

Cross-Claim against the Durhams for indemnity, among other things, in the event any judgment was awarded against it on the plaintiff's complaint.  On January 9, 2009, Community Bank filed the present motion to withdraw reference of its cross-claim from Bankruptcy Court.  However, no claims have ever be so referred.

This court can exercise subject-matter jurisdiction over an action if it determines that the matter is "related to" the bankruptcy.  28 U.S.C. § 1334; *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987).  As a general rule, a proceeding is "related to" a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case, and the outcome of that proceeding could possibly have an impact on the estate being administered in bankruptcy.  *Id.*  An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action and which in any way impacts the handling of the bankrupt estate.  *In re Majestic Energy Corp.*, 835 F.2d 87,90 (5th Cir. 1988).  It is clear to the court that this matter is "related to" a case under title 11 and thus it may exercise subject matter jurisdiction.  Whether the court will exercise jurisdiction is another matter altogether.

There is an assertion by Community Bank that this is not a "core proceeding." The court notes that a significant distinction is made in the bankruptcy code between "core" and "non-core" proceedings.  In a core proceeding, a bankruptcy judge may enter a final judgment subject to review by a district court.  *Searcy v. Knostman*, 155 B.R. 699, 704 (S.D. Miss. 1993).  In a non-core proceeding, a bankruptcy judge's power is much more limited.  *Id.* at 705.  *See also, In re Wood,* 825 F.2d at 95.  "A proceeding is core under section 157 if it invokes a substantive right provided by Title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy

-4-

proceeding." *Id* at 97.

The court agrees with Community Bank that while this does not appear to be a core proceeding, it is one related to a bankruptcy filing and is properly before the court. However, the court can ascertain no just reason to not refer this entire matter to the Bankruptcy Court. Two of the principle defendants have filed Chapter 7 liquidation proceedings and the estates of each are intimately intertwined with the demands made herein by the plaintiff. Thus the court finds that this entire case should be referred to the Bankruptcy Court for resolution of the issues presented.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Withdraw Reference to Bankruptcy **[#47]** filed on behalf of co-defendant Community Bank of Ellisville is denied and further that this entire case is referred to the United States Bankruptcy Court for the Southern District of Mississippi as a part of Case Numbers 08-52220-ERG and 08-51961-ERG.

IT IS FURTHER ORDERED AND ADJUDGED that all other pending motions are denied as moot.

SO ORDERED AND ADJUDGED this 30th day of April, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE